TEXAS & PACIFIC RY. CO. et al. v. RAIL-
ROAD COMMISSION OF TEXAS et al.

No. 9735.

Court of Civil Appeals of Texas. Austin.

July 7, 1948.

Rehearing Denied July 29, 1948.

Rawlings, Sayers & Scurlock, of Fort Worth, J. T. Suggs, of Dallas, Wigley, McLeod, Mills & Shirley, of Galveston, Kenneth McCalla, Everett Hutchinson and Austin L. Hatchell, all of Austin, for appellants.

Price Daniel, Atty. Gen. of Texas, Charles D. Mathews and James D. Smullen, Asst. Attys. Gen., for Railroad Commission of Texas.

Beall & Yonge and Jas. H. Beall, Jr., all of Sweetwater and Brooks, Duke & Templeton, and B. L. Templeton, all of Abilene, for other appellees.

RAYMOND GRAY, Justice.

The Texas and Pacific Railway Company, The Texas and Pacific Motor Transport Company, the Gulf, Colorado and Santa Fe Railway Company, and the Panhandle and Santa Fe Railway Company filed this suit against the Railroad Commission of Texas and Gus Rigsby to set aside a specialized motor carrier certificate granted to Gus Rigsby authorizing the transportation of farm machinery from the dock of International Harvester Company in Sweetwater, Texas, to fifty-four named counties in Texas, unrestricted as to transportation between dealer and dealer. Merchants Fast Motor Lines, Inc., W. A. Johnson, d/b/a Johnson Motor Lines, A. & W. Motor Lines, Inc., and Johnson Transport Company, Inc., were allowed to intervene as parties plaintiff. Before trial the Santa Fe Trail Transportation Company, as purchaser and successor of Johnson Motor Lines, was allowed to intervene.

A trial to the court was had and judgment rendered sustaining the order of the Commission granting the certificate and that plaintiffs take nothing. From this judgment plaintiffs have appealed and here present two points:

1. There is no substantial evidence supporting the Commission's grant of authority, or the court's judgment sustaining such order.

2. There was no rate fixed for the transportation of farm machinery by specialized motor carriers at the time the Commission granted the certificate, and none had been fixed at the time of the trial.

On September 3, 1941, the Commission granted a specialized motor carrier certificate to Gus Rigsby, authorizing the transportation of named commodities, including farm machinery, from Sweetwater, Texas, to all points lying west of U. S. Highways 81 and 181 from Ringgold to San Antonio and Aransas Pass, and from all such points to Sweetwater, but the transportation of such commodities from dealer to dealer was prohibited. On October 30, 1945, this certificate was amended to authorize the transportation of farm machinery and other commodities, from farms and ranches within a radius of 50 miles of Sweetwater to points within a 350-mile radius thereof, and vice versa. Transportation from dealer to dealer was prohibited. This authority was cancelled under the 1945 amendment, and on May 7, 1946, Gus Rigsby filed his application to further amend his certificate, and on October 8, 1946, said application was granted and the certificate above referred to issued.

At the hearing before the Commission evidence was introduced and the order granting the application includes findings that:

Gus Rigsby is financially responsible; the equipment he proposes to use meets the requirements of law; the proposed use of the highways will not unreasonably interfere with the use of such highways by the general public; the service and facilities of existing carriers serving the territory proposed to be served by Rigsby are inadequate; there exists a public necessity for such service; and the public convenience will be promoted by granting the application.

■ This order of the Commission granting the application must be sustained if reasonably supported by substantial evidence, and the burden is upon the party attacking the order to show it has "no reasonable factual basis for its support." R. R. Commission v. Metro Bus Lines, 144 Tex. 420, 191 S.W.2d 10, 13; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424.

At the trial of this cause before the District Court, the transcript of the testimony heard by the Commission was received in evidence by stipulation, and additional witnesses called to testify. A brief resume of the testimony shows:

The International Harvester Company at Sweetwater is distributor of International farm machinery for the 54 counties included in the certificate issued to Gus Rigsby is an experienced handler of farm machinery and the transporting, loading and unloading of the same; the method of shipping farm machinery is shipping the units completely assembled, or shipping the units unassembled in bundles or crates for assembly; on the bundles or crates is a shipping number which is used with a checking list which itemizes the several parts contained, and this is an aid and assistance in the assembly of the machinery after it is received by the dealer; knowledge of farm machinery and the handling of the same for shipment, whether in complete units or in bundles or crates, is important to prevent breaking or bending of parts, delays and inconveniences in assembling complete units due to missing or lost bundles; some units cannot be shipped completely assembled in van type trucks or trailers, but must be handled on flat beds; Rigsby proposes to render the kind of service and use the character of equipment needed; some dealers have experienced difficulties in receiving shipments by regular route carriers; shipments to some dealers over regular route carriers require interchanges or transfer of shipments along the route, and this requires physical handling of the machines and the bundles or crates additional to the loading and unloading of the same; the service proposed by Rigsby is to load a truckload of machinery at the dock of International Harvester Company at Sweetwater, which shipment is consigned to one or more dealers along the route, and transport the machinery direct to the dealer where same would be unloaded by experienced handlers; some dealers testified that the service rendered by the regular route carriers has not been satisfactory; there

have been delays and loss of parts or bundles by the regular route carriers; the service proposed by Rigsby is needed; some dealers have used the service of Rigsby in the past and found it to be the kind of service needed in their business.

Our only inquiry here is to determine whether or not there was any substantial evidence to support the order of the Commission granting the certificate, and it being our opinion the order is supported by such testimony it must be sustained. The first point is overruled.

It was stipulated at the trial that the Commission had conducted a hearing relative to prescribing rates on farm machinery transported by specialized motor carriers, but no order had then been entered. On May 28, 1948, the Commission prescribed rates for the transportation of farm machinery by specialized motor carriers, which rates were effective June 17, 1948. This order renders moot the question presented by point 2. Harrell v. Thompson, 140 Tex. 1, 165 S.W.2d 81.

The judgment of the trial court is affirmed.

Affirmed.